```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

SYMETRA LIFE INSURANCE COMPANY,)
                               )
     Plaintiff,                )
                               )    No: 3:08-0762
          v.                   )    Judge Nixon/Bryant
                               )
GLENDA BARNETT-STREICHER and   )
JAMES COONS,                   )
                               )
     Defendants.               )
```

**TO: The Honorable John T. Nixon**

### REPORT AND RECOMMENDATION

In this interpleader action brought pursuant to Rule 22, Federal Rules of Civil Procedure, the plaintiff life insurance company has paid into court the sum of $10,670.69, representing one-half of the death benefit from a policy of life insurance on the life of Rebecca Ollis-Coons, now deceased (Docket Entry Nos. 1 and 14).

Defendant Glenda Barnett-Streicher is the mother of the deceased, and defendant James Coons is the husband of the deceased. Neither of the defendants is represented by counsel. The deceased designated defendant Barnett-Streicher and defendant Coons as the primary beneficiaries of the subject life insurance policy, with each to receive 50% of the policy proceeds (Docket Entry No. 1). Defendant Barnett-Streicher has already received payment of one-half of the death benefit of the subject life insurance policy. The funds that have been paid into court represent the one-half payable to Mr. Coons under the terms of the policy (Docket Entry No. 1).

Defendant Barnett-Streicher has appeared pro se in this action, and defendant Coons has made no appearance.

It appears from the complaint that this action was filed as an interpleader, because at the time of the institution of the action, Mr. Coons was in the custody of the sheriff of Davidson County, Tennessee, awaiting trial on a charge that he murdered the insured, Rebecca Ollis-Coons (Docket Entry No. 1, p. 4). It is further alleged in the complaint that if defendant Coons were determined to have murdered the insured of this insurance policy, he would be precluded by Tennessee law from recovering his share of the policy proceeds. Tenn. Code Ann. § 31-1-106.

On June 3, 2009, defendant Barnett-Streicher, proceeding pro se, filed a certified copy of the judgment of conviction of Mr. Coons on his guilty plea to the charge of murder in the second degree, presumably of the deceased insured, Ms. Ollis-Coons (Docket Entry No. 18). This judgment of conviction is dated May 26, 2009. The undersigned Magistrate Judge liberally construes the filing of this certified judgment of conviction as defendant Barnett-Streicher's motion for summary judgment regarding her entitlement to the life insurance proceeds currently held by the Court pursuant to interpleader.

On August 25, 2009, the Court entered an order to show cause requiring defendant James Coons to show cause on or before September 30, 2009, why defendant Barnett-Streicher's motion for

summary judgment should not be granted and why she should not be awarded the insurance proceeds at issue in this case (Docket Entry No. 19). This order further informed defendant Coons that his failure to respond may cause the undersigned Magistrate Judge to recommend that the insurance proceeds currently held by the Court be paid to Ms. Barnett-Streicher. The record includes a return receipt for mail addressed to James Coons signed for by a person whose last name appears to be "Lineberry." (Docket Entry No. 20). Despite this order to show cause, defendant Coons has made no response.

Tennessee Code Annotated Section 31-1-106 provides as follows:

> Any person who kills . . . any other person from whom the first named person would inherit the property, either real or personal, or any part of the property, belonging to the deceased person at the time of the deceased person's death, or who would take the property, or any part of the property, by will, deed, or otherwise, at the death of the deceased, shall forfeit all right in the property, and the property shall go as it would have gone under § 31-2-104, or by will, deed, or other conveyance, as the case may be; provided that this section shall not apply to any killing done by accident or in self-defense.

It appears undisputed in this record that defendant James Coons has pleaded guilty to the murder of the policy insured, Rebecca Ollis-Coons. From this undisputed fact, the undersigned Magistrate Judge finds that defendant Coons is deemed by law to have forfeited all right he has in the subject life insurance proceeds, and that the

3

portion of the proceeds that otherwise would have gone to him should be paid to his co-beneficiary, defendant Barnett-Streicher.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that what the Court has construed as defendant Barnett-Streicher's motion for summary judgment should be **GRANTED**, and that all proceeds presently held by the Court in this case, including any accrued interest, should be paid to defendant Glenda Barnett-Streicher.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 13th day of November 2009.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge

4